**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRIAN BREAZEALE, | : | Civil No. 09-2118 (NLH) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| PAUL M. SHULTZ, | : | |
| | : | |
| Respondents. | : | |
| | : | |

It appearing that:

1. On May 18, 2009, Brian Breazeale, an inmate incarcerated at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that the failure to consider him for a second placement in a community corrections center ("CCC"), after his prior CCC placement was revoked, violates the Second Chance Act and the Due Process Clause. He asserts the following facts: he has been serving a 105-month sentence since April 12, 2001; his projected release date is July 21, 2009; on November 18, 2008, Bureau of Prisons ("BOP") placed him in a CCC; on an unspecified date, BOP returned Petitioner to incarceration after his urine tested positive for unauthorized drugs; he needs to spend more time in a CCC in order to successfully reintegrate into society upon the expiration of his sentence; on an unspecified date Petitioner's Unit Team informed him that he will not be referred for another CCC placement; exhaustion of the BOP's Administrative Remedy Program would

futile because his sentence will expire before exhaustion can be completed.  (Pet.)  See BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=51528-066&x=60&y=14 (last accessed May 18, 2009).

   2.  The Habeas Rules require the habeas petition to specify the grounds for relief, state the facts supporting each ground, and state the relief requested.  See 28 U.S.C. § 2254 Rule 2(c) & (d), applicable through Rule 1(b).  Habeas Rule 4 requires the assigned judge to review a petition upon filing and to sua sponte dismiss it without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

   3.  The Supreme Court explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4 as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the

>     petitioner" and "state the facts supporting
>     each ground."  See also Advisory Committee's
>     note on subd. (c) of Habeas Corpus Rule 2, 28
>     U.S.C., p. 469 ("In the past, petitions have
>     frequently contained mere conclusions of law,
>     unsupported by any facts.  [But] it is the
>     relationship of the facts to the claim
>     asserted that is important . . . .");
>     Advisory Committee's Note on Habeas Corpus
>     Rule 4, 28 U.S.C., p. 471 ("'[N]otice'
>     pleading is not sufficient, for the petition
>     is expected to state facts that point to a
>     real possibility of constitutional error."
>     (internal quotation marks omitted)) . . . .
>
>     A prime purpose of Rule 2(c)'s demand that
>     habeas petitioners plead with particularity
>     is to assist the district court in
>     determining whether the State should be
>     ordered to "show cause why the writ should
>     not be granted."  § 2243.  Under Habeas
>     Corpus Rule 4, if "it plainly appears from
>     the petition . . . that the petitioner is not
>     entitled to relief in district court," the
>     court must summarily dismiss the petition
>     without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988) (summary dismissal is warranted where the petition contains vague and conclusory allegations).

    4.  The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement."  28 C.F.R. § 542.10(a).  An inmate must generally attempt to informally resolve the issue by

presenting it to staff in a BP-8 form.  See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a).  Appeal to the General Counsel is the final administrative appeal.  Id.  The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days.  See 28 C.F.R. § 542.18.  And the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level.  Id.

    5.  Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit requires administrative exhaustion

4

of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

6. Petitioner maintains that exhaustion in his case would be futile because his projected release date is July 21, 2009, and there is insufficient time to exhaust the three steps of the Administrative Remedy Program.

7. On the face of the Petition, this Court cannot excuse Petitioner's failure to exhaust because Petitioner does not reveal the date on which he was returned to prison from the CCC as a result of the drug infraction. Moreover, given the time limits set forth in 28 C.F.R. § 542.18 and the fact that Petitioner's sentence does not expire for another two months, this Court sees no reason to excuse Petitioner's failure to at the very least submit a BP-8 informal request and, if unsuccessful, a BP-9 administrative remedy request to the Warden.

8. Because the face of the Petition shows that Petitioner failed to exhaust administrative remedies and does not show that

5

Petitioner's failure to pursue administrative relief should be excused, this Court will dismiss the without prejudice for failure to exhaust available administrative remedies. See Lindsay v. Williamson, 271 Fed. Appx. 158, 160 (3d Cir. 2008) (affirming summary dismissal of § 2241 petition challenging BOP's execution of sentence "[b]ecause the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit"); Warwick v. Miner, 257 Fed. Appx. 475 (3d Cir. 2007) (affirming dismissal of § 2241 petition challenging BOP's calculation of sentence for failure to exhaust Administrative Remedy Program). The dismissal is without prejudice to the filing of a new petition after Petitioner has attempted to pursue administrative exhaustion.

    9. An appropriate Order accompanies this Memorandum Opinion.

                                                s/Noel L. Hillman
Date: May 19, 2009                **NOEL L. HILLMAN, U.S.D.J.**

At Camden, New Jersey